UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAZEL V. MAYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No. 01-2671 (RJL) |
| | ) |
| LABORERS' HEALTH & SAFETY | ) |
| FUND OF NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

FILED
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION
(August 15 2005) [# 17]

Plaintiff, Hazel B. Mayers, brings this action against her former employer, Laborers' Health and Safety Fund of North America (LHSFNA), for discrimination and retaliation under the Americans with Disabilities Act ("ADA" or "the Act"). Before the Court is the Defendant's Motion for Summary Judgment. After due consideration of the pleadings and the entire record herein, the Court GRANTS defendant's motion.

### ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment may support its motion with pleadings, depositions, affidavits and the like which it believes demonstrates the absence of genuine issue of material fact. *See*

*Celeotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must go beyond the pleadings by its own affidavits and the like to demonstrate that there is a genuine issue for trial. *Id.* at 324. To determine whether a genuine issue of material fact is in dispute, the evidence of the nonmoving party is believed to be true and all inferences are drawn in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Bare conclusions of law and controverted facts need not be considered as true for the purposes of the motion. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

In this matter, Ms. Mayers complains that she was discriminated against under the ADA when LHSFNA continuously failed to accommodate her disability, thus resulting in her constructive discharge. Moreover, she complains that after requesting accommodations, LHSFNA retaliated against her by increasing her workload and tightening her deadlines. To succeed on her discrimination claim, Ms. Mayers must establish that: (1) she was an individual with a disability within the meaning of the Act; (2) she could otherwise perform the essential functions of her job with reasonable accommodations; and (3) LHSFNA refused to make such accommodations or discharged her because of her handicap. *Barth v. Gelb*, 2 F.3d 1180, 1186 (D.C. Cir. 1993). To succeed on her retaliation claim, Ms. Mayers must establish that: (1) she engaged in a statutorily protected activity; (2) LHSFNA took an adverse personnel action; and (3) there is a causal connection between the two. *Singletary v. D.C.*, 359 F.3d 519, 524 (D.C. Cir. 2003). For the following reasons, the Court finds that Ms. Mayers has failed to

demonstrate that there is a genuine issue of fact regarding her ability to establish either claim.

First, as to the discrimination claim, LHSFNA contends that Ms. Mayers is not disabled and that LHSFNA did not refuse to provide her with the accommodations she requested. However, the Court need not address the issue of whether or not Ms. Mayers is disabled under the Act because it finds, for the following reasons, that LHSFNA did not refuse to provide her with the requested accommodations and did not constructively discharge her. As to the former, according to the deposition testimony, the only accommodations requested by Ms. Mayers were that LHSFNA provide her with an electric stapler and an electric cutter to assist her in her work. Mayers Dep. at 124-25, 168, 170. LHSFNA made these accommodations, albeit slowly. Mayers Dep. at 134. Ms. Mayers also argues that she requested that she be placed on light duty. Opp'n at 21. But, there is no evidence in the record that she did anything more than provide her employer with a doctor's note saying that she should be placed on light duty *when* she was experiencing flare ups. Sabitoni Dep. at 18-19 (emphasis added). Accordingly, the Court concludes that LHSFNA made the accommodations requested by Ms. Mayers and did not refuse to accommodate her.

As to the latter charge of constructive discharge, the Court disagrees and finds that Ms. Mayers *voluntarily* left her employment with LHSFNA. To establish a constructive discharge, Ms. Mayers must demonstrate that her "employer create[d] or tolerate[d]

3

discriminatory working conditions that would drive a reasonable person to resign." *Katradi v. Dav-El of Washington, D.C.*, 846 F.2d 1482, 1485 (D.C. Cir. 1988) (internal quotation marks omitted). No such conditions existed here. Although Ms. Mayers alleges she was forced to find a new job because of the hostile work environment, she stated in her application with Jacob Facilities, Inc. that she has never been discharged from an employer and her reason for leaving LHSFNA was "advancement." Reeves Aff. ¶¶ 4(c), 4(d). In addition, notwithstanding her contention in her resignation letter that LHSFNA required her to perform tasks despite advice from her doctor that she be placed on light duty, the evidence shows that no such accommodation was specifically requested by Ms. Mayers. Accordingly, the Court finds that there is no issue of material fact as the discrimination claim and summary judgment will be entered in favor of the defendant.

Finally, as to the plaintiff's retaliation claim, the Court finds that Ms. Mayers suffered no adverse employment action. An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (internal quotation marks omitted). In her complaint, Ms. Mayers alleges that LHSFNA retaliated by increasing her workload and tightening deadlines. Compl. ¶ 24. But, in her deposition, Ms. Mayers claimed that the retaliation against her occurred when her work environment became "very uncomfortable" because her co-workers were acting like she was not there.

Mayers Dep. at 186. The ADA, however, does not guarantee an employee a *comfortable* work environment. Moreover, there is no evidence to demonstrate that Ms. Mayers "suffered objectively tangible harm." *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999). Simply stated, without evidence establishing an adverse employment action that affected the terms, conditions, or privileges of her employment, Ms. Mayers cannot succeed on her retaliation claim. Finding no such evidence, summary judgment is entered in favor of the defendant.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge